[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13801
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cv-01460-ODE

GERALD LYNN BOSTOCK,

Plaintiff-Appellant,

versus

CLAYTON COUNTY BOARD OF COMMISSIONERS,

Defendant,

CLAYTON COUNTY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(August 27, 2020)

**ON REMAND FROM THE
SUPREME COURT OF THE UNITED STATES**

Before WILSON, NEWSOM, and TJOFLAT, Circuit Judges.

PER CURIAM:

When this case came to us initially, binding circuit precedent demanded that we affirm the district court's dismissal of Bostock's Title VII sexual orientation discrimination claim for failure to state a claim. *See Bostock v. Clayton Cty. Bd. of Comm'rs*, 723 F. App'x 964, 964–65 (11th Cir. 2018) (per curiam) (citing relevant precedent and the prior panel precedent rule). The United States Supreme Court reversed and remanded our decision. *Bostock v. Clayton Cty.*, 590 U.S. ___, ___, 140 S. Ct. 1731, 1754 (2020). The Supreme Court held that, under the "plain terms" of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1), an employer intentionally, necessarily, and illegally discriminates against an individual because of such individual's sex when the employer discriminates against an employee for being homosexual or transgender. *See Bostock*, 590 U.S. at ___, ___, 140 S. Ct. at 1741, 1743. For the reasons stated in the Supreme Court's decision, we reverse the district court's dismissal of Bostock's Title VII claim and remand for further proceedings consistent with that decision.

**REVERSED AND REMANDED.**

2